OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
Defendant, convicted of robbery in the first degree, was charged with having committed the crime in the early morning hours of November 14, 1977, when, it is claimed, he effected a robbery of a gas station attendant by holding an object to the back of the station attendant’s neck and threatening to shoot him. The police arrived during the commission of the crime, and defendant made his escape by car trailed by a hail of bullets. An immediate chase ensued and after the perpetrator had eluded capture by the New York police, defendant was apprehended by the New Jersey State Troopers some 25 minutes after the robbery. According to testimony given at defendant’s suppression hearing, when the police at the scene asked the defendant where the gun was, he responded that he did not have a gun, but that he had used a toothbrush. No gun was ever found, but a white toothbrush was discovered in defendant’s coat pocket.
The testimony at trial concerning defendant’s use and possession of a weapon was not overwhelming. The station attendant from whom the money was taken did not see the alleged gun, and although a second attendant testified that he was certain that a gun was used in the incident, he could not identify the defendant as the perpetrator. Additionally, the two police officers who arrived at the scene of the crime were able only to say that defendant had a cylindrical object in his hand. A fourth witness, also not certain that defendant had a gun, testified that the perpetrator held a sharp metallic object. Furthermore, an officer who had processed defendant’s arrest testified that “[defendant] advised me he did not have a "gun; that he had a toothbrush *792 in the pocket of his coat”. This statement was also referred to on summation by the prosecutor, who told the jury: “It’s for you to decide whether the defendant used a toothbrush or a shotgun or a handgun or a weapon”. Based upon all of the foregoing, the defendant made a request for a charge of the lesser included offense of robbery in the second degree and for a charge on the affirmative defense to robbery in the first degree as provided in subdivision 4 of section 160.15 of the Penal Law. Both of these requests were refused.
The court submitted to the jury the charges of robbery in the first degree and robbery in the third degree as a lesser included offense. “A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime * * * he * * * [djisplays what appears to be a pistol * * * or other firearm” (Penal Law, § 160.15). However, it is an affirmative defense to robbery in the first degree that such pistol or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged (Penal Law, § 160.15, subd 4).*
In view of the evidence introduced at trial, under the circumstances of this case it was reversible error for the court to refuse defendant’s request to charge the jury regarding this affirmative defense. Without the benefit of the requested charge, the jurors may well have believed that defendant had committed the robbery with a toothbrush, yet also believed that it was their duty to find him guilty of robbery in the first degree because the toothbrush which he displayed appeared to be a pistol.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.

 If, of course, a defendant successfully proves his affirmative defense, he may still be found guilty of robbery in the second degree, which requires only that the defendant forcibly steal property while displaying what appears to be a firearm (Penal Law, § 160.10, subd 2, par [b] ; Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 160.15, p 206).