■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BYNUM, Appellant.—Judgment, Supreme Court, New York County (Luis M. Neco, J.), rendered on July 15, 1983, convicting defendant of robbery in the second degree and sentencing him to a term of from 7 to 14 years' imprisonment, is affirmed.

At trial, the People's evidence established that, on the night of February 15, 1983, Roxanne Eldred was confronted by defendant in the vestibule of her Greenwich Village apartment building. Concealing what Ms. Eldred described as "a round object \* \* \* maybe cylindrical" in his jacket pocket, defendant said to her: "I have a lethal weapon in here. You are making too much noise. I don't want to have to use this." On cross-examination, Ms. Eldred further clarified the nature of the encounter.

"Q. The coat you said this man has, you stood up and demonstrated with his right hand in his pocket it was pointed out this way, correct?

"A. Yes.

"MR. SMITH: For the record, I am holding my coat up with my elbow bent parallel to the ground.

"THE COURT: Let the record so note.

"Q. That is the way you said the man demonstrated to you?

"A. You are holding your coat like this. He was pointing it at me.

"Q. I am pointing my coat at you, but that is about the way you said—

"A. He wasn't holding it up like this either. It was lower. More hip level.

"Q. You never saw his hand or anything in the hand, the right hand, am I correct?

"A. No, because it was in his pocket.

"Q. At all times?

"A. Yes."

Defendant took Ms. Eldred's wallet and left the scene. Apprehended by the police a few blocks away, he was searched, and a screwdriver was recovered from his pocket.

On appeal, defendant contends that an essential element of the crime of robbery in the second degree—that in the course of forcibly stealing property, the perpetrator "displays what appears to be a pistol, revolver * * * or other firearm"—has not been established by sufficient proof. We disagree.

In *People v Baskerville* (60 NY2d 374, 380-381), the Court of Appeals held that a robber who holds and uses a black object covered by a towel in such a manner as to give his victim the impression that he is threatening him with a gun "[d]isplays what appears to be a * * * firearm" within the meaning of both Penal Law §§ 160.15 and 160.10. These two sections define the two highest degrees of the crime of robbery, the only distinction between them, relevant here, being the operability of the weapon.* In language which appears to us dispositive of this appeal, the court wrote (pp 380-381): "[T]he Legislature has denominated the display of 'what appears to be' a firearm an aggravating factor which increases the degree of the crime over forcible stealing without such a display (Penal Law, § 160.05). The apparent justification for differentiating the situations is the difficulty of proving when no shot was fired that what appeared to be a weapon was in fact a weapon (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 160.15, p 205) and the effect upon

---

* It is somewhat ironic that on the proof presented here the People could have sustained a conviction for robbery in the first degree under Penal Law § 160.15 (3): "Uses or threatens the immediate use of a dangerous instrument". The screwdriver recovered would qualify as a dangerous instrument under Penal Law § 10.00 (13).

the victim put in fear of his or her life by the display of what appeared to be a weapon. Bearing in mind that provisions of the Penal Law are to be 'construed according to the fair import of their terms to promote justice and effect the objects of the law' (Penal Law, § 5.00) and the Legislature's purpose in increasing the penalty for displaying what appears to be a firearm, *we conclude that display of anything that appears to be such, though held inside a coat or otherwise obscured, is covered by sections 160.10 and 160.15.*" (Emphasis added.)

The dissent would have it that the *sine qua non* of a conviction under these sections is evidence directly from the mouth of the victim that when confronted he was convinced his assailant was armed with a firearm. We do not read either the statute or the case law in such a restrictive manner. A robbery victim is not, in our view, required to call a robber's bluff, in order to allay any lingering uncertainty, before the armed offense is made out. On the contrary, the victim may resolve any doubts in favor of the risk presented, and if, as here, the jury finds beyond a reasonable doubt that the victim submitted to circumstances designed by the perpetrator to convey the impression that he was in possession of a firearm and meant to use it, that is sufficient to sustain the firearm display element of the crime as a matter of law. In *Baskerville (supra,* p 381), the Court of Appeals went on to say that the test is *not* "primarily subjective." All that is necessary is satisfaction of a two-tiered test: (1) "defendant must consciously display something that could reasonably be perceived as a firearm with the intent of compelling an owner of property to deliver it up" and (2) "it must appear to the victim by sight, touch or sound that he is threatened by a firearm" *(supra,* p 381). When both of these requirements are satisfied, "the true nature of the object displayed is, as concerns criminality, irrelevant." *(Supra,* p 381.) Here there is no question that defendant's conduct meets the first requirement. As to the second it may be shown not only by testimonial recollection but also, as here, by a jury evaluation of the totally submissive conduct of the victim in yielding to the threatening tableau that defendant had so consciously contrived *(see, People v Lockwood,* 52 NY2d 790, where the weapon held by the robber to the back of the victim's neck may have been a toothbrush).

We have examined the other claims of error advanced by defendant and find them without merit. Concur—Sullivan, Fein, Milonas and Wallach, JJ.

Sandler, J. P., dissents in part in a memorandum as follows:

Defendant was convicted after a jury trial of robbery in the second degree. Although the evidence was more than sufficient to support the jury's determination that the defendant committed the crime of robbery, I am unable to perceive in the record evidence legally sufficient to establish that the defendant "display[ed] what appears to be a pistol, revolver * * * or other firearm", a necessary element of the crime of robbery in the second degree as here charged. Accordingly, I am persuaded that the conviction should be reduced to one for robbery in the third degree and the matter remanded for resentencing.

The complaining witness testified that during the course of the robbery the defendant raised his left hand, which was in the pocket of his coat and had an object in it, and said, "I have a lethal weapon in here. You are making too much noise. I don't want to have to use this."

When asked to describe the object, the complaining witness testified, "I can only tell what it looked like from the outside because I did not see the actual object. Long, it was a round object, roundish. Maybe cylindrical. I couldn't tell, really." She further testified that the object was "longer than it was wide", and that "the direction of the long axis of the object face" was towards her.

When arrested a short time after the incident, the defendant was found in possession of a screwdriver.

The issue with which we are concerned was considered at length by the Court of Appeals in *People v Baskerville* (60 NY2d 374). In *Baskerville,* a witness had testified that she saw a black object inside a towel wrapped around the robber's arm, which she believed to be a gun. Another witness testified that the robber had raised his towel-wrapped arm, pointed at the woman, and threatened to kill her. The defendant was arrested several days after the robbery.

The Court of Appeals observed (at p 380) that:

"[b]oth subdivision 4 of section 160.15 of the Penal Law, defining robbery in the first degree, and section 160.10 (subd 2, par [b]) of the Penal Law, defining robbery in the second degree, require that in the course of forcibly stealing property the perpetrator '[d]isplays what appears to be a pistol, revolver * * * or other firearm.' As to the first degree offense, it is, however, an affirmative defense that the object displayed was not an operable firearm and if defendant so proves by a preponderance of the evidence he may only be convicted of robbery in the second degree * * *

"In either case, the Legislature has denominated the display of 'what appears to be' a firearm an aggravating factor which increases the degree of the crime over forcible stealing without such a display (Penal Law, § 160.05)."

In *Baskerville (supra),* the defendant was charged with robbery in the first degree, the evidence being sufficient to establish that he in fact possessed a firearm. In the instant case, defendant was charged with robbery in the second degree, apparently because it was determined, as a result of his arrest shortly after the robbery in possession of a screwdriver, that he never in fact possessed a firearm.

The Court of Appeals set forth two requirements for determining whether the aggravating factor with which we are concerned was established. The court said (at p 381): "The defendant must consciously display something that could reasonably be perceived as a firearm * * * Furthermore, the display must actually be witnessed in some manner by the victim, i.e., it must appear to the victim by sight, touch or sound that he is threatened by a firearm * * * When both of these requirements are satisfied, however, the true nature of the object displayed is, as concerns criminality, irrelevant."

Undeniably, defendant here displayed that which could reasonably have been perceived as a firearm. The issue in this case, however, is whether the evidence presented was legally sufficient to establish the second of the two requirements set forth in *Baskerville (supra,* p 381), namely that "it must appear to the victim by sight, touch or sound that he is threatened by a firearm". The complaining witness here was not asked whether or not that which was displayed to her appeared to be a firearm, and did not testify to such a belief.

It may be that there are circumstances under which the evidence would be legally sufficient to establish the second requirement even though the victim, or a witness to the event, did not explicitly testify that what was displayed appeared to be a firearm. Bearing in mind the obligation of the People to establish every element of a charged crime beyond a reasonable doubt, I am unable to agree that the circumstances here provide adequate support for such a determination.

Contrary to the suggestion in the court's opinion, there was nothing in the victim's response to justify the conclusion that she perceived from the defendant's display that he was threatening her with a firearm. The defendant had taken from the complaining witness all that he secured from her prior to the movement with which we are concerned. The response of the

complaining witness to the gesture in the pocket, and the accompanying statement of the defendant, was to tell the defendant that she was scared, that she had nothing further to give, and that he should go. This response was as consistent with her not believing that the defendant had threatened her with a gun as with her believing that he had done so.

Nor do I see how we can overlook the central reality that the Trial Assistant, who had an opportunity to interview the witness before she testified, did not ask her the question which would have elicited the precise answer on this aggravating element of the charged crime from the one person who knew the relevant fact.

I also do not see anything in *People v Lockwood* (52 NY2d 790) to support the result here reached. The critical fact in *Lockwood* bearing on the issue before us was that a witness to the crime had testified (p 791) "that he was certain that a gun was used in the incident".

The result that follows from this analysis is as unsatisfactory to me as it is to my colleagues. It does not seem sensible to make the degree of culpability of a robber who tries to persuade a victim that he possesses a firearm turn on whether or not he is successful in that effort. The unsatisfactory nature of the result which follows the application of the statute according to its meaning as authoritatively construed by the Court of Appeals presents an issue for legislative consideration, not for judicial rewriting of the statutory language.

Accordingly, the judgment of the Supreme Court, New York County (Luis M. Neco, J.), rendered on July 15, 1983, convicting defendant of robbery in the second degree and sentencing him to a term of from 7 to 14 years in prison, should be modified, on the law, to reduce the conviction to one for robbery in the third degree, and the matter should be remanded for resentencing.