■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CALCATERRA, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered August 2, 1984, convicting him or murder in the second degree (three counts), robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain eyewitness identifications and oral and written confessions.

Ordered that the judgment is affirmed.

On December 5, 1983, during the burglary of a residence located in West Islip, Allan Valente was shot and killed. The defendant was suspected by the police of being the assailant. On December 19, 1983, the police arrested the defendant on a bench warrant arising from a prior unrelated charge concerning possession of marihuana. The defendant waived his *Miranda* rights, and upon inquiry by the arresting officers, responded that he was not represented by counsel on the pending case. Thereafter, he consented to participate in a lineup and after he was positively identified by an eyewitness, ultimately gave the police oral and written statements confessing to the crime.

The defendant concedes that his arrest was based upon probable cause but contends that the identification evidence and his statements should have been suppressed because the

police arrested him on the warrant as a pretext to question him as to the murder. However, the defendant's lawful arrest and custodial interrogation is not rendered unlawful merely because the motive of the police in arresting the defendant on one charge may have been to question him concerning an unrelated crime *(see, People v Cypriano,* 73 AD2d 902, 903).

As to the defendant's contention concerning the alleged violation of his right to counsel, we reiterate that great weight must be accorded the determination of the hearing court with its particular advantage of having seen and heard the witnesses *(People v Prochilo,* 41 NY2d 759, 761), and on this record we find no basis to disturb that determination. The evidence supports the hearing court's determination that the defendant was properly advised of his *Miranda* rights and voluntarily confessed. Although the arresting officers were aware that the defendant was involved in other pending criminal charges at the time of the arrest, they were entitled to end their inquiry in reliance upon the defendant's statement that he was not represented by an attorney *(see, People v Bertolo,* 65 NY2d 111). In addition, notwithstanding the defendant's claim that certain family members and friends were denied access to him while he was in police custody, there is no evidence of "a pattern of isolation and trickery designed to keep the defendant from obtaining counsel" *(People v Fuschino,* 59 NY2d 91, 100; *cf., People v Bevilacqua,* 45 NY2d 508).

Finally, viewing the evidence in the light most favorable to the People, we find that no basis exists to disturb the jury's verdict *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.