■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND STRAWDER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered June 6, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant.

Ordered that the judgment is affirmed.

The defendant's first confession, made at approximately 1:30 A.M. on January 4, 1983, was preceded by a knowing and intelligent waiver of his constitutional right to remain silent, and of his other Miranda rights (see, Miranda v Arizona, 384 US 436). The defendant again waived his Miranda rights prior to a second confession, made at approximately 2:00 A.M., and yet again prior to a videotaped confession made at approximately 5:00 A.M.

We also find without merit, the defendant's claim that his confessions were extracted under duress. Nor are we per-

suaded of the truthfulness of the testimony given at the hearing to the effect that the defendant had requested to speak with his mother or that his mother had requested to speak to him. But even assuming that such a request had been made, and refused, the defendant's confessions would not be subject to suppression on that basis alone *(see, People v Fuschino,* 59 NY2d 91, 100; *People v Casassa,* 49 NY2d 668, 681; *People v Calcaterra,* 127 AD2d 778, 779). "There is no requirement that police officers permit family members of a competent adult in custody to communicate with him" *(People v Casiano,* 123 AD2d 712, 713, citing *People v Crimmins,* 64 NY2d 1072, 1073). Rather, any alleged isolation of the defendant from his mother would be but one factor among several to be considered in judging the voluntariness of the confessions *(see, e.g., People v Anderson,* 42 NY2d 35; *People v Butler,* 112 AD2d 1006). Under all the circumstances revealed in the record, we find that the defendant's confessions were voluntary.

The defendant's remaining contention is without merit. Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.