■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES MERCADO, Appellant.—Judgment, Supreme Court, New York County (John A. K. Bradley, J., at Sandoval hearing, jury trial and sentence), rendered April 1, 1986, which convicted defendant of two counts of attempted robbery in the second degree and one count of attempted robbery in the third degree and one count of assault in the third degree and sentenced him as a predicate felon to two indeterminate terms of imprisonment of from 3½ to 7 years for attempted second degree robbery, an indeterminate term of imprisonment of from 2 to 4 years for attempted third degree robbery and a definite term of one year for assault, all to run concurrently, unanimously modified, on the law and the facts, to vacate defendant's convictions and sentences for attempted robbery in the second degree under the third count of the indictment and assault in the third degree under the fourth count of the indictment; those counts of the indictment are dismissed, and the balance of the judgment otherwise affirmed.

This was an assault and attempted robbery committed in the men's room of Grand Central Station. When defendant fleeing from the scene was apprehended outside the station after hot pursuit, it was discovered that the immediate victim of defendant's actions, a patron of the facility, had disappeared, leaving as the People's sole eyewitness to the entire incident the men's room attendant William Cohn.

The first two counts of the indictment charged defendant with attempted robbery in the second degree with display of a pistol committed against Cohn and the "John Doe" victim, respectively; the third and fourth counts, attempted robbery in the second degree and assault in the third degree, respectively, were premised upon allegations of physical injury inflicted upon the John Doe victim. Defendant was convicted by the jury of the charges alleged under counts 1, 3 and 4 of the indictment and while acquitted of count 2 was convicted of the lesser included offense of attempted robbery in the third degree for having attempted to forcibly steal the John Doe

victim's property (without any reference to display of a firearm).

Defendant argues on this appeal and the People concede that the evidence before the jury was insufficient to establish that victim John Doe had sustained "physical injury" within the definition of Penal Law § 10.00 (9), which is an essential element of the crimes of both attempted robbery in the second degree and assault in the third degree (see, Penal Law § 120.00 [1]; § 160.10 [2] [a]). In the absence of the John Doe victim, there was a lack of testimony from which the jury could have legitimately inferred that this person had suffered any "impairment of physical condition or substantial pain" as set forth in Penal Law § 10.00 (9) (Matter of Philip A., 49 NY2d 198, 200).

We reject, however, defendant's contention that the People failed to prove beyond a reasonable doubt that he displayed what appeared to be a firearm, an essential element for conviction of attempted robbery in the second degree under count 1 of the indictment. Here Mr. Cohn's testimony was that defendant accosted him with his hand in his jacket pocket, pointed forward at the same time as he announced that "this is a stick-up". In People v Baskerville (60 NY2d 374, 380), the Court of Appeals held that to satisfy the statutory requirement for conviction of robbery in the second degree, there must be proof that defendant, or someone else in concert with him, " '[d]isplays what appears to be a pistol, revolver * * * or other firearm' ". In Baskerville, the court fashioned a two-tiered test for the culpable character of the "display": first, the defendant must consciously display something that could reasonably be perceived as a firearm with intent of compelling the owner of the property to deliver it up, and second, the display must actually be witnessed in some manner by the victim, either by sight, touch or sound, leading him to conclude that he is threatened by a firearm. When these two requirements are met, the actual nature of the object involved in the display is irrelevant. While the evidence before the jury was equivocal as to whether Mr. Cohn submitted to defendant's threatened employment of a firearm, or instead substantially ignored it and went on about his work, Mr. Cohn did say that he thought defendant had a weapon and he felt threatened by the defendant's announcement and accompanying action. This is sufficient, together with the ample proof as to the first tier at trial, to support a conviction on the higher degree of the robbery offense (People v Bynum, 125 AD2d 207, affd 70 NY2d 858).

Accordingly, we affirm the conviction of attempted robbery in the second degree under the first count of the indictment, and of attempted robbery in the third degree submitted as a lesser included offense of attempted robbery in the second degree under the second count of the indictment. Concur—Sullivan, J. P., Carro, Milonas, Ellerin and Wallach, JJ.