■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HANEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered May 18, 1988, convicting him of robbery in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The record reveals that the defendant struck the victim, knocking him to the ground, after which he removed money and car keys from the victim's pocket. While the victim was still on the ground, the defendant placed his hand inside his pocket and gestured in such a way that the victim believed he may have had a gun. As he gestured, the defendant warned the victim, "[d]on't let me hurt you".

Although there were certain inconsistencies in the victim's testimony with regard to his perception of the defendant's hand gesture, the clear import of the victim's testimony was that he feared that the defendant may have had a gun

secreted in his pocket. Moreover, a contrary conclusion is not required because the complainant stated on cross-examination that he had not "decided" that the object displayed actually "looked like" a gun *(People v Bynum,* 125 AD2d 207, 209, *affd* 70 NY2d 858; *People v Mercado,* 148 AD2d 365, 366). As the Court of Appeals has recently noted, "an object can be 'displayed' without actually being seen by the victim even in outline" *(see, People v Lopez,* 73 NY2d 214, 222). Rather, "[a]ll that is required is that the defendant, by his actions, consciously manifest the presence of an object to the victim in such a way that the victim reasonably perceives that the defendant has a gun" *(see, People v Lopez, supra,* at 222; *People v Mercado, supra,* at 366; *People v Smith,* 142 AD2d 619). Notably, "[w]hen these two requirements are met, the actual nature of the object involved in the display is irrelevant" *(see, People v Mercado, supra,* at 366).

The proof adduced at trial with respect to the defendant's hand gesture and his accompanying statements, taken together with the complainant's testimony that he believed the defendant may have had a gun in his pocket, was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(cf., People v Mercado, supra).* Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.