■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SCHLEYER, Appellant. (Appeal No. 1.) [654 NYS2d 70] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of a weapon in the second and third degrees, defendant argues that statements he made to law enforcement officials should have been suppressed. We disagree. The arrest of defendant in his home pursuant to a bench warrant issued by Irondequoit Town Court was lawful. The fact that the police questioned defendant concerning an unrelated burglary and murder does not render the arrest unlawful (*see, People v Calcaterra,* 127 AD2d 778, 778-779, *lv denied* 70 NY2d 644; *People v Heller,* 99 AD2d 787, 787-788).

Defendant was not entitled to *Miranda* warnings before two of his friends, who were working as agents for the police, met with defendant in his home to attempt to elicit incriminating responses from him. Defendant was not in custody nor was the

police involvement sufficient "to create a coercive, custodial environment with the reasonable potential of infringing defendant's privilege against compulsory incrimination" (*People v Ray,* 65 NY2d 282, 287; *see also, People v Jones* 47 NY2d 528, 533-534). The failure of the police to inform defendant of the subject of the interrogation before obtaining the waiver of his *Miranda* rights at the public safety building does not render that waiver involuntary (*see, People v Richer,* 168 AD2d 910, *lv denied* 78 NY2d 957; *People v Hall,* 152 AD2d 948, 949, *lv denied* 74 NY2d 847).

By failing to request a charge pursuant to CPL 60.50, defendant failed to preserve for our review his present argument that the court should have charged the jury pursuant to that section (*see,* CPL 470.05 [2]). That argument is without merit in any event because there is no question in this case that a crime was committed (*see, People v Booden,* 69 NY2d 185, 187; *People v Lipsky,* 57 NY2d 560, 570-571, *rearg denied* 58 NY2d 824). Defendant did not object to the admission of testimony concerning aborted plans to commit two earlier burglaries on the date in question, thereby failing to preserve for our review his present argument that the testimony was erroneously admitted (*see,* CPL 470.05 [2]). We decline to exercise our power to review that issue as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, we conclude that defendant received effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Weapon, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.