■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALFREDO RODRIGUEZ, Respondent. [753 NYS2d 854] —Appeal by

the People, pursuant to CPL 450.20 (4), from a sentence of the Supreme Court, Suffolk County (Pitts, J.), imposed September 6, 2000, which, upon the defendant's conviction of burglary in the second degree (two counts), upon his plea of guilty, sentenced him as a second felony offender to two concurrent determinate terms of seven years imprisonment.

Ordered that the sentence is reversed, on the law, the adjudication of the defendant as a second felony offender is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, to determine whether the defendant should be adjudicated a persistent violent felony offender pursuant to CPL 400.16.

The People filed a persistent violent felony offender statement pursuant to CPL 400.16, indicating, inter alia, that the defendant was convicted in 1981 of robbery in the second degree and in 1986 of burglary in the second degree. At a hearing, the defendant opposed his adjudication as a persistent violent felony offender on numerous grounds, including his claim that his 1986 conviction was unconstitutionally obtained because, at his trial, an alternate juror was substituted for an ill juror without an adequate inquiry by the trial court pursuant to *People v Page* (72 NY2d 69; *see* CPL 270.35). The Supreme Court agreed and sentenced the defendant as a second felony offender.

Contrary to the Supreme Court's determination, the replacement of a seated juror with an alternate before the commencement of deliberations is not, as a rule, a violation of the constitutional right to trial by jury (*see People v Jeanty,* 94 NY2d 507, 517; *see also People v Ortiz,* 92 NY2d 955, 957). Since the transcript of the defendant's trial reveals that the juror telephoned to inform the court that she was ill with the flu, and no objection was raised by the parties to the substitution of an alternate juror, the substitution was not arbitrary or made without good cause (*see People v Jeanty, supra*). Accordingly, the Supreme Court erred in determining that the 1986 conviction was unconstitutionally obtained on this ground for the purpose of determining the defendant's status as a persistent violent felony offender.

We remit the matter to the Supreme Court, Suffolk County, for further proceedings to determine whether the defendant should be adjudicated a persistent violent felony offender pursuant to CPL 400.16, based on the 1981 and 1986 convictions, including consideration of the defendant's other contentions which were raised in the Supreme Court, Suffolk County, but not reached by that court, and for resentencing thereafter. Florio, J.P., O'Brien, Adams and Crane, JJ., concur.