■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS MICOLO, Appellant. [818 NYS2d 230]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered July 17, 2003, convicting him of robbery in the first degree and unauthorized use of a motor vehicle in the first degree, upon a jury verdict,

and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). The only issue in this case was whether the defendant displayed what appeared to be a weapon, since the defendant conceded identity and the robbery itself. All the witnesses to the bank robbery testified that the defendant had his hand in his pocket and pointed it in such a fashion that he appeared to have a gun. This pointing motion, coupled with the defendant's threats to kill, was sufficient to sustain the conviction (*see People v Lopez,* 73 NY2d 214, 222 [1989]; *People v Thomas,* 12 AD3d 935, 936 [2004]).

Contrary to the defendant's contention, his arrest on a federal probation warrant was lawful, and his rights were not violated even if the purpose of the arrest was to question him about another offense (*see People v Reynolds,* 240 AD2d 517, 518 [1997]; *People v Schleyer,* 236 AD2d 835 [1997]; *People v Acuna,* 145 AD2d 427 [1988]; *see also People v Clarke,* 5 AD3d 807 [2004]). Moreover, it was undisputed that there was independent probable cause to arrest the defendant for bank robbery. Hence, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements to law enforcement officials were properly denied.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's contentions relating to prosecutorial misconduct and the court's charge are unpreserved for appellate review. The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Miller, J.P., Schmidt, Mastro and Lunn, concur.