THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BASTON, Appellant. [836 NYS2d 622]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 24, 2004, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The substitution of an alternate juror during deliberations violates a defendant's fundamental right to a trial by jury, and therefore requires the consent of the defendant (*see* CPL 270.35 [1]; *People v Page*, 88 NY2d 1 [1996]). Here, however, there is no evidence that deliberations had already begun when the court made a substitution. The defendant's alternative contention that the trial court abused its discretion in discharging the juror prior to deliberations is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Jeanty*, 94 NY2d 507 [2000]; *People v Shelton*, 31 AD3d

791 [2006]; *People v Aponte,* 28 AD3d 672 [2006]; *People v Rodriguez,* 301 AD2d 616 [2003]; *People v Merritt,* 299 AD2d 370 [2002]).

The defendant's contention that the prosecutor's summation statements deprived him of a fair trial is also without merit. Viewed in the context of the entire summation and trial (*see People v Galloway,* 54 NY2d 396, 401 [1981]), the challenged remarks were fair response to the defendant's summation (*see People v Marks,* 6 NY2d 67, 77-78 [1959]; *People v Martinez,* 27 AD3d 665, 666 [2006]; *People v West,* 237 AD2d 470, 472 [1997]), fair comment on the evidence (*see People v Campbell,* 29 AD3d 601 [2006]), or harmless in light of the overwhelming evidence of the defendant's guilt and the court's curative instructions (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

The defendant's remaining contentions raised in his supplemental pro se brief are without merit. Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.