■ The People of the State of New York, Respondent, v Ali Edwards, Appellant. [843 NYS2d 148]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Bellantoni, J.), rendered August 10, 2005, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The County Court properly admitted into evidence a knife and ski mask recovered from the defendant's person at the scene of the attempted robbery. Contrary to the defendant's contention, this evidence was relevant and therefore admissible unless its probative value was substantially outweighed by the potential for prejudice (*see People v Mateo,* 2 NY3d 383, 424-425 [2004], *cert denied* 542 US 946 [2004]; *People v Wilder,* 93 NY2d 352, 356-357 [1999]; *People v Scarola,* 71 NY2d 769, 777 [1988]). Contrary to the defendant's contention, the County Court properly exercised its discretion in concluding that the potential for prejudice did not substantially outweigh the probative value of the evidence (*see People v Ziminski,* 34 AD3d 507 [2006]).

The defendant's contention that certain comments made by the People during summation deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, the contention is without merit. Viewed in the context of the entire summation and trial, the challenged remarks were fair response to the defendant's summation, fair comment on the evidence, non-prejudicial in light of the court's curative instructions, or harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Baston*, 40 AD3d 775 [2007]).

The defendant's challenge to the legal sufficiency of the evidence is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant displayed what appeared to be a firearm during the course of the robbery (*see People v Micolo*, 30 AD3d 615, 616 [2006]; *People v Avilla*, 234 AD2d 45 [1996]; *People v Aaron*, 233 AD2d 231 [1996]; *People v Wells*, 221 AD2d 281 [1995]; *People v Guerriero*, 221 AD2d 560, 561 [1995]; *People v Haney*, 162 AD2d 613 [1990]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Lopez*, 73 NY2d 214, 222 [1989]; *People v Micolo*, 30 AD3d 615, 616 [2006]; *People v Haney*, 162 AD2d at 614).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.