*830 OPINION OF THE COURT
William J. Giacomo, J.
Factual and Procedural Background
A trial in this medical malpractice action commenced on October 16, 2009. A jury consisting of six regular jurors and two alternates was selected on October 15, 2009. On October 22, 2009, after completing the taking of evidence, the court charged the jury, which proceeded to deliberate. The alternates were not discharged but were ushered into a separate room to await further instruction. Unbeknownst to the court or the litigants, the court officer in charge of the jury mistakenly took jurors Nos. 3, 4, 5, and 6 and the two alternates to the jury room for deliberations. It seems that when the court officer asked alternates Nos. 1 and 2 to leave the jury room prior to the commencement of deliberations, regular jurors Nos. 1 and 2 thought the court officer was talking to them and left the jury room.
Some time later, at about 2:00 p.m., the jury notified the court that it had several notes and a verdict. The court officer then assembled the jury along with the alternates for the reading of the verdict and seated all eight jurors in their usual seats. The court then asked the foreperson of the jury to read the verdict. To the court’s and litigants’ surprise, the verdict, in favor of the defendant, was not read by juror No. 1 as expected, but rather by alternate No. 1. Plaintiff then moved for a mistrial on the basis that the verdict was not rendered by the jury that was selected, but rather by only four jurors and two alternates without the consent of either party.
The court directed that any application for mistrial would be made on papers. However, in an effort to avoid such a motion it directed the deliberations to resume with the original jurors Nos. 1, 2, 3, 4, 5, and 6, to which plaintiffs objected. When the announcement was made, several of the remaining jurors expressed frustration with having to deliberate again given that they believed they had already reached a verdict. Nevertheless, the jury went to the jury room and deliberated about 45 minutes. During that time, a note was sent requesting that plaintiffs’ expert’s and defendant’s expert’s testimony be reread. No rereading of testimony had been requested by the jury during the prior deliberations. At this point, .the court, concerned about whether the jurors could continue to deliberate in good faith, directed that the jurors stop deliberating and reinstated the verdict rendered by the jury comprised of two alternates and four regular jurors. Plaintiffs then renewed their oral ap *831 plication for a mistrial. The defendant objected to the motion, asserting that a fair and valid verdict had been rendered. A schedule was then set for the submission of motion papers.
In their motion for a mistrial plaintiffs contend that the verdict rendered by the jury comprised of two alternates and four jurors is a nullity as that jury was not a jury as defined by the New York State Constitution and the CPLR. In opposition, defendant contends that the New York State Constitution does not prevent an alternate from deliberating; therefore, the plaintiffs’ constitutional rights were not violated and the verdict should stand.
Discussion
New York’s rules governing the composition of civil trial juries are found in CPLR article 41 and the State Constitution. CPLR 4104 succinctly states that “[a] jury shall be composed of six persons.” Further, as authorized by article I (§ 2) of the State Constitution, CPLR 4113 (a) expressly provides that “[a] verdict may be rendered by not less than five-sixths of the jurors constituting a jury.” Reading these provisions together, the Court of Appeals has held that absent consent to trial by less than six jurors, the parties to a civil case have a constitutional right to a trial by a full six-member jury. (See Sharrow v Dick Corp., 86 NY2d 54, 59-60 [1995] [where parties to a civil case have not agreed to trial by fewer than six jurors, a valid verdict requires that all six jurors participate in the underlying deliberations]; see also Gallegos v Elite Model Mgt. Corp., 28 AD3d 50 [1st Dept 2005].) Thus, the question at issue is whether that six-member jury can include alternate jurors without the consent of the parties.
CPLR 4106 authorizes the selection of “alternate jurors,” who are to be seated with and treated in the same manner as regular jurors, “except that after final submission of the case, the court shall discharge the alternate jurors.”
In People v Ryan (19 NY2d 100, 104 [1966]) the Court of Appeals addressed the reason why there can be no juror substitution after deliberations have begun:
“The reason that there is no provision for substitution after the case has been submitted to the jury is that the Advisory Committee felt that ‘[i]t is in only rare situations that the procedure could be used, and it is believed that an alternate juror who enters the jury room after deliberation has begun is not fully qualified to render an intelligent verdict, having missed part of the discussion and consideration *832 which makes up the deliberative process.’ (Second Prelim. Report of Advisory Committee on Practice and Procedure [N.Y. Legis. Doc., 1958, No. 13], p. 228.)”
Although Ryan was a criminal case, its rationale is equally applicable to civil actions because the right to a jury trial is guaranteed by the State Constitution in both civil (six jurors) and criminal (12 jurors) cases (see NY Const, art I, § 2; People v Page, 88 NY2d 1, 5 [1996] [State Constitution guarantee of right to a trial by jury contemplates jury of 12 persons]; Sharrow v Dick Corp., 86 NY2d 54, 59-60 [1995] [constitutional right to jury trial contemplates that six persons participate in deliberative process]). “Ryan stands for the proposition that absent consent, the substitution of an alternate juror after deliberations have commenced violates the parties’ state constitutional right to a jury trial and any resulting verdict is therefore invalid.” (Gallegos v Elite Model Mgt. Corp., 28 AD3d 50, 55 [2005].)
Here, however, the alternates were not substituted during deliberations, but immediately prior to the commencement of deliberations. It is well-settled law that the replacement of a sworn juror with an alternate juror is not, as a rule, a violation of the right to trial by jury, since there is no material distinction between regular and alternate jurors prior to deliberations. (NY Const, art I, § 2; see People v Ballard, 51 AD3d 1034 [2d Dept 2008].) Prior to deliberations, the substitution of an alternate for a sworn juror can be done without the consent of the parties so long as it is not arbitrary or made without good cause (see People v Jeanty, 94 NY2d 507, 517 [2000]; People v Rodriguez, 301 AD2d 616 [2d Dept 2003]).
While the cases cited by this court involve criminal matters, they are helpful in addressing what occurred at this trial. In this case, the substitution of the alternates for the sworn jurors before deliberations commenced was done in error and, therefore, was arbitrary and made without good cause. (Cf. People v Shelton, 31 AD3d 791 [2d Dept 2006] [the trial court properly replaced a sworn juror after making a reasonably thorough inquiry into juror’s unavailability, affording the parties the opportunity to be heard and placing the facts and reasons for its determination on the record].)
Accordingly, plaintiffs’ motion for a mistrial is granted.