■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASEAN COBLE, Appellant. [922 NYS2d 558]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Bartlett, J.), rendered February 9, 2010, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defend-

ant's omnibus motion which was to suppress identification testimony, absent any evidence that the photo array shown to the complainant was unduly suggestive (*see People v Avent*, 29 AD3d 601 [2006]; *People v Ragunauth*, 24 AD3d 472 [2005]; *People v Price*, 256 AD2d 596, 597 [1998]). Moreover, there was no reason to believe that the complainant misunderstood the instructions of the detective who showed him the photo array because of language difficulties (*see People v De Los Santos*, 49 AD3d 550 [2008]; *People v Mora*, 36 AD3d 1142 [2007]; *People v Warcha*, 17 AD3d 491 [2005]); here, both the complainant and the detective were fluent in Spanish, the language in which they conversed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdicts of guilt of the crimes of robbery in the first degree and robbery in the second degree were not against the weight of the evidence. The testimony of the complainant, a pizza delivery man, that he was lured to the basement of a building purportedly to deliver pizza, where he was threatened with what appeared to be a weapon which made a "crack[ing]" sound when the defendant slid the barrel back and forth, established the element of Penal Law § 160.15 (4), which requires that the accused display what appears to be a firearm. In addition, the complainant identified the defendant, whose fingerprints were found on a discarded pizza box which was taken during the robbery, thereby establishing the elements of robbery in the first degree (*see People v Lopez*, 73 NY2d 214, 222 [1989]; *People v Jean-Marie*, 67 AD3d 704 [2009]; *People v Micolo*, 30 AD3d 615 [2006]; *People v Rogers*, 19 AD3d 437 [2005]). The defendant's guilt of robbery in the second degree was established beyond a reasonable doubt by evidence that the defendant stole the complainant's property while aided by other persons actually present (*see* Penal Law § 160.15 [1]; *People v Harvey*, 76 AD3d 605 [2010]).

The fact that the sentence imposed after trial was greater than what was offered during plea negotiations does not, standing alone, indicate that the defendant was punished for exercising his right to proceed to trial (*see People v Givhan*, 78 AD3d 730, 731 [2010]). Moreover, the sentence imposed was not excessive (*see People v Felix*, 58 NY2d 156, 161 [1983]; *People v Suitte*, 90 AD2d 80, 86 [1982]). Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.