People v Washington (2025 NY Slip Op 07204)

People v Washington

2025 NY Slip Op 07204

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

995 KA 23-00313

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON WASHINGTON, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Andrew C. LoTempio, A.J.), rendered January 27, 2023. The judgment convicted defendant upon a jury verdict of manslaughter in the first degree, criminal possession of a weapon in the second degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]), criminal possession of a weapon in the second degree (§ 265.03 [3]), and assault in the second degree (§ 120.05 [1]). The conviction arises from defendant's shooting of two victims during an altercation, resulting in the killing of one and the injuring of the other. We affirm.
Contrary to defendant's contention, viewing the evidence with respect to the manslaughter and assault counts in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to disprove defendant's justification defense beyond a reasonable doubt (see People v Williams, 134 AD3d 1572, 1573 [4th Dept 2015]; People v Walker, 168 AD2d 983, 983 [4th Dept 1990], lv denied 77 NY2d 883 [1991]). Moreover, viewing the evidence in light of the elements of those crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the jury did not fail to give the evidence the weight it should be accorded when it rejected his justification defense (see People v Ford, 114 AD3d 1273, 1275 [4th Dept 2014], lv denied 23 NY3d 962 [2014]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that County Court erred in refusing to suppress statements he made to a police officer while the officer was interviewing defendant at the hospital. Contrary to defendant's contention, the police had no obligation to inform him that he was a suspect in a homicide investigation before informing him of his Miranda rights and obtaining a waiver thereof (see People v Schleyer, 236 AD2d 835, 835-836 [4th Dept 1997], lv denied 89 NY2d 1100 [1997]; People v Hall, 152 AD2d 948, 949 [4th Dept 1989], lv denied 74 NY2d 847 [1989]). Further, defendant failed to establish that any alleged deception was so fundamentally unfair that it deprived him of due process (see People v Richer, 168 AD2d 910, 910 [4th Dept 1990], lv denied 78 NY2d 957 [1991]). Moreover, there is no indication in the record that defendant's cognitive ability was impaired by his medical condition or medication (see People v Carbonaro, 134 AD3d 1543, 1548 [4th Dept 2015], lv denied 27 NY3d 994 [2016], reconsideration denied 27 NY3d 1149 [2016]; see also People v Marvin, 68 AD3d 1729, 1729 [4th Dept 2009], lv denied 14 NY3d 842 [2010]).
Finally, the sentence is not unduly harsh or severe. We note that the amended uniform sentence and commitment sheet does not reflect defendant's status as a second felony offender, [*2]and it must be amended accordingly (see People v Southard, 163 AD3d 1461, 1462 [4th Dept 2018]).
We have reviewed defendant's remaining contention and conclude that it does not require reversal or modification of the judgment.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court