Scileppi, J.
The three appellants herein were all convicted of murder in the first degree and sentenced to death. Thereafter, they were .spared that penalty when their sentences were commuted to life imprisonment. On direct appeal to our court, all three judgments of conviction were affirmed.[1]
The appeals herein are by permission of Chief Judge Fuld directly from orders of the Supreme Court, New York County, denying coram nobis relief (Code Grim. Pro., § 517, subd. 3). (Terry’s application was denied without a hearing while Pereira and Cruz received Huntley type hearings.)
Section 517 (subd. 3) provides, in relevant part: “ An appeal may be taken as of right by the defendant from an order denying a motion to vacate a judgment of conviction, otherwise known as a motion or application for a writ of error coram nobis, to the court to which an appeal from the judgment of conviction would lie as provided in this section, except that .such an appeal shall lie only directly to the court of appeals by permission as provided .in section five hundred twenty where the judgment is of death.”
The appellants are attacking the constitutional validity of section 517 (subd. 3) alleging a deprivation of equal protection. The argument is advanced that if a person not under a judgment of death possesses an absolute right to an appeal (to the Appellate Division) from a denial of coram nobis relief, then it is a violation of equal protection to relegate persons under judg *268 ments of death to apply for leave without any right to an appeal, from a similar denial of coram nobis. While the argument, on its face, seems compelling, these appellants have no standing to raise such an issue. Having granted leave to appeal, our consideration of the merits of the coram nobis applications necessarily precludes a consideration of the equal protection argument since the appellants are in no way aggrieved. Accordingly, to pass upon the equal protection claim would be tantamount to rendering an advisory opinion (Cohen and Karger, Powers of the New York Court of Appeals, § 98).
On the merits, appellant Terry makes a “ fruit of the poisonous tree ” argument. He contends, citing People v. Rodriguez (11 N Y 2d 279), that it was error to admit his confession at trial since it was given only after he had been confronted with illegally seized evidence. Whatever merit there may be to this argument, he has not properly preserved the question, having failed to move to suppress the confession or in any way object to its admission at trial (People v. Gates, 24 N Y 2d 666, 670). Additionally, Terry asks for a “ Huntley ” hearing. This claim is equally without merit. Unlike the companion cases, Terry’s case was before us after our determination in People v. Huntley (15 N Y 2d 72) and on the direct appeal the demand for a Huntley hearing was considered and rejected.
Accordingly, the denial of Terry’s application without a hearing was in all respects proper.[2]
As to appellants, Pereira and Cruz, although no objection was made to the admission of their confessions at trial, the Judge did submit the issue of voluntariness to the jury and, therefore, they were properly afforded Huntley hearings (People v. Huntley, 15 N Y 2d 72, 77, supra).
The sole argument offered in support of the claimed involuntariness of the confessions is that at the time the statements were made, the appellants were laboring under the misapprehension that none of the victims were dead and that if the District Attorney had “ properly ” informed them of the victim’s death, they would never have made the statements. The argument is patently devoid of merit for, even in the cases where actual *269 deception is made out, which is not the case herein, we have refused to find confessions involuntary. As we stated in People v. McQueen (18 NY 2d 337, 346): “ Near the end of the trial, to be sure, defense counsel moved a second time to strike from the record these confessions on * * * the ground that [1] they were secured by fraud and deceit ’—which apparently referred to the circumstance that one of the detectives had told appellant in the beginning that she might as well admit what she had done inasmuch as otherwise the victim, who she had not been told had died, would he likely to identify her. She may not have known, at that time, that he was dead. No contention is made, however, nor is there evidence that any promise or threat was made to appellant, and the law is well settled that in the absence of such factors mere deception is not enough (People v. Caserino, 16 N Y 2d 255, 259).” (See, also, People v. Boone, 22 N Y 2d 476, 483.)
Accordingly, the orders of the Supreme Court, New York County, should be affirmed.
Chief Judge Fuld and Judges Burke, Bergan, Breitel, Jasbn and Gibson concur.
Orders affirmed.

. People v. Terry (16 N Y 2d 731); People v. Pereira and Cruz (11 N Y 2d 784).

. It should also be noted that. Terry made a 1966 application for coram nobis relief alleging similar grounds to those urged herein. This application was denied and no appeal was ever taken from that determination.