OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The court in submitting the voluntariness of the confession to the jury did not err in refusing to charge that the police had an obligation to let family members or friends communicate with a competent adult in custody (cf. People v Townsend, 33 NY2d 37; People v Bevilacqua, 45 NY2d 508; People v Casassa, 49 NY2d 668; People v Fuschino, 59 NY2d 91). We note that there was no evidence that these persons had retained counsel for the defendant. Nor was there any evidence that the defendant sought the assistance of these individuals or that the police discouraged him from doing so. There was only testimony that certain family members sought unsuccessfully to communicate with the defendant while he was being questioned by the police. Therefore the court’s refusal to give the charge requested by defense counsel did not constitute error.
The defendant also contends that the court erred during the suppression hearing in refusing to make factual findings as to whether the police isolated the defendant from family and friends seeking to communicate with him while he was being questioned. However, the defendant was not prejudiced by the absence of such findings. The suppression court assumed for the purposes of the motion the essential truth of the defendant’s evidence and nevertheless found the confession was voluntary, as did the Appellate Division by its affirmance on this mixed question of law and fact.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed in a memorandum.