(May 21, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SEAMAN, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.),

rendered December 21, 1984, upon a verdict convicting defendant of the crime of burglary in the third degree.

In 1984 a series of burglaries occurred at churches located in the City of Binghamton, Broome County. During investigation of another matter, police found evidence indicating that defendant may have been involved in one of the church burglaries which had occurred on September 11, 1984. The evidence also provided a link between defendant and an unrelated burglary which had occurred at the home of a local clergyman, William Sexton. Defendant voluntarily accompanied police to their office where he was informed of his *Miranda* rights. He chose to waive his rights and to answer questions without an attorney present. When confronted with evidence linking him to the burglary of the Sexton residence, defendant admitted committing the crime. The discussion then turned to the church burglaries. Defendant offered to make a deal with police when he was confronted with evidence implicating him in one of the church burglaries. The police agreed and defendant admitted involvement in several other church burglaries. The deal struck between the police and defendant provided that defendant would be charged with only one of the six church burglaries which he admitted committing.

Prior to trial, defendant made a motion to suppress his confession; a *Huntley* hearing was held and, after hearing the evidence, County Court determined that the People established beyond a reasonable doubt that the confession was voluntarily given. The suppression motion was thus denied. A jury trial ensued and defendant was found guilty of the charged crime. He was sentenced as a second felony offender to a term of imprisonment of 3½ to 7 years. Defendant appeals.

Defendant contends that his confession was obtained through the use of deceptive police tactics and thus was involuntary. Police "stratagems need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process" *(People v Tarsia, 50 NY2d 1, 11)*. Defendant bases his claim of deception primarily upon a police officer's alleged inadvertent misstatement to him that the burglaries constituted class B felonies. Initially, we note that the record supports County Court's conclusion that the testimony as to whether a misstatement was actually made is less than clear. Even if we were to assume that the degree of the crime was improperly stated, there is no evidence that this was done deliberately nor is there any indication how this misstatement would trick defendant into con-

fessing to the various crimes. Indeed, defendant was able to strike a very favorable deal whereby he was only charged with one of the six church burglaries which he had committed. The record does not indicate any deception by the police which created a situation so fundamentally unfair as to deprive defendant of due process.

Defendant further argues that his confession as to the church burglaries should have been suppressed because he allegedly did not make a knowing and intelligent waiver of his *Miranda* rights. Defendant premises this argument on the fact that at the time he was advised of his rights, and indicated that he would answer questions regarding the Sexton burglary, he was not aware that he might also be questioned about the church burglaries. There is, however, no requirement that a suspect be made aware in advance of all possible subjects of questioning *(see, Colorado v Spring,* 479 US —, —, 107 S Ct 851, 857; *People v MacDonald,* 61 AD2d 1081, 1082). County Court's determination that defendant voluntarily, knowingly and intelligently waived his *Miranda* rights is fully supported by the record.

Defendant's remaining contentions, including his assertion that the prosecution made remarks during summation which deprived him of a fair trial, have been considered and found meritless.

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.