■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HALL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, a former police officer, was convicted of sodomy in the first degree (Penal Law § 130.50 [3]), for engaging in deviate sexual intercourse with a six-year-old girl. On appeal, defendant contends that the suppression court erred in denying his pretrial motion to suppress a statement he made to the police because it was obtained through police trickery and thus the fruit of an involuntary waiver of his right to remain silent. At the *Huntley* hearing, the police officers admitted that when they went to defendant's home as part of their investigation of the sexual abuse charge against defendant they informed him that they were investigating his involvement in a possible welfare fraud and requested that he accompany them to the Sheriff's office so they could clear up this matter. Defendant voluntarily accompanied them and, after arriving at the Sheriff's office, he was informed of his constitutional rights and agreed to talk with the police. At no time prior to defendant waiving his rights did the police inform him that the true purpose of the investigation was the sexual abuse complaint. After several hours of questioning,

defendant made certain admissions and signed a statement which he sought to have suppressed.

There is no requirement that a criminal suspect be made aware in advance of all possible subjects about which he may be questioned in order for a waiver of his right to remain silent to be valid *(Colorado v Spring,* 479 US 564; *People v Seaman,* 130 AD2d 875, 877, *lv denied* 70 NY2d 717). Mere deception on the part of the police will not result in involuntariness without either some showing that the deception was so fundamentally unfair as to deny due process *(People v Tarsia,* 50 NY2d 1, 11) or that the deception could have induced a false confession *(People v Pereira,* 26 NY2d 265, 268-269; *People v Boone,* 22 NY2d 476, 483, *cert denied sub nom. Brandon v New York,* 393 US 991; *People v McQueen,* 18 NY2d 337, 346; *People v Green,* 147 AD2d 955).

Although there admittedly was some deception employed by the police in this case in informing defendant that they wanted to question him about a possible welfare fraud rather than the sexual abuse matter, nevertheless, the suppression court properly concluded that the deception did not result in involuntariness. The record reveals that defendant was a former police officer who was aware of his constitutional rights. Once the police began to question him at the Sheriff's Department, the true nature of the investigation was readily apparent and defendant knew that he could refuse to answer their questions and terminate the interview at any time. Moreover, there is no indication that any promises or threats were made to induce his confession. Finally, it appears that defendant voluntarily accompanied the police and that he was not in custody until after he made his incriminating statement. Thus, under the totality of the circumstances, defendant voluntarily waived his right to remain silent. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—sodomy, first degree.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.