■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEANETTE FENTI, Appellant.—Judgment unanimously affirmed. Memorandum: On July 12, 1988, at approximately 10:35 P.M., defendant was operating a motor vehicle that was involved in a collision with a motorcycle at the intersection of Meigs Street and Broadway in the City of Rochester. The operator of the motorcycle was killed in the accident. Rochester Police Officers Robert Kennedy and Daniel Berardini arrived at the scene at approximately 10:50 P.M. The officers observed that the accident was serious and commenced an investigation. Defendant acknowledged that she was the operator of the motor vehicle involved in the accident. She consented to wait in a police car while the investigation continued. Defendant

was not told that she was under arrest, she was not frisked, she was not handcuffed nor was she interrogated. Officer Kennedy testified that, initially, because he noticed a slight odor of alcohol on defendant's breath, he suspected that alcohol might be involved. At approximately 11:30 P.M., Officer Kennedy went to the police car to talk with defendant. Kennedy testified that during the course of this discussion he made observations about defendant's speech and appearance that caused him to conclude that defendant was intoxicated. He placed her under arrest at approximately 11:39 P.M. Defendant was taken to a hospital where samples of her blood were taken. A test of the blood samples revealed a blood alcohol content of 0.14%. Defendant was subsequently indicted for multiple charges arising from the accident.

Following a *Huntley* hearing where defendant challenged the voluntariness of an oral statement made to the police, the suppression court made a finding that defendant was taken into custody at 11:00 P.M. on July 12, 1988, when she first entered the police car. In making that finding the hearing court relied exclusively on Officer Kennedy's testimony that when defendant entered the police car she was not then free to leave the scene.

Additionally, defendant sought suppression of the results of the blood test on the ground that the blood samples were taken from her in violation of the two-hour rule imposed by Vehicle and Traffic Law § 1194 (former [1]). The hearing court declined to conduct a pretrial hearing on that issue and determined that it was appropriate for the trier of fact to resolve that issue at the plenary trial.

The trial court admitted the blood test results in evidence. The court determined that Vehicle and Traffic Law § 1194 (former [1]) was inapplicable because defendant expressly consented to the blood test. Consequently, the court concluded, it was immaterial that the test was administered more than two hours after defendant was taken into custody. Defendant was found guilty of one count of driving while intoxicated and of failure to yield the right of way. Defendant, prior to the trial, entered a guilty plea to violation of a conditional use license.

We conclude that the results of the blood alcohol test were properly admitted in evidence but for a reason other than that found by the trial court. We are mindful that the question of whether a person is "in custody" is a factual matter to be decided by the trier of fact *(People v Waymer,* 53 NY2d 1053, 1054) and that its determination should not be rejected unless

it is unsupported as a matter of law *(see, People v Hartley,* 103 AD2d 935, *affd* 65 NY2d 703). The test to be applied in reaching that determination is "what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" *(People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *see also, People v Hicks,* 68 NY2d 234, 240). The subjective belief of a police officer is not controlling in determining when an arrest occurs and the fact that the officer may have prevented defendant from leaving the scene had she attempted to leave is not relevant in making the determination except to the extent that his belief is conveyed to defendant *(see, People v Crocker,* 125 AD2d 132, 134; *People v Joy,* 114 AD2d 517, 520). Application of the foregoing principles to the facts here compels the conclusion that the trial court's determination that defendant was in custody at 11:00 P.M. on July 12, 1988, is unsupported as a matter of law. Under the circumstances of this case, an innocent person in defendant's position reasonably would have believed that she was not in custody until her formal arrest at 11:39 P.M. on that evening. Since the blood test in question was performed at 1:26 A.M. on July 13, 1988, it was administered within two hours of defendant's arrest. In view of our determination, we do not address defendant's remaining contentions concerning applicability of the two-hour rule of Vehicle and Traffic Law § 1194 (1).

We further reject defendant's argument regarding the chain of custody of the blood samples. The People's proof established the "two basic requirements for showing authenticity, namely, that there existed 'reasonable assurances of identity and unchanged condition' " *(People v Julian,* 41 NY2d 340, 343, quoting *People v Porter,* 46 AD2d 307, 311; *see also, People v McIntyre,* 175 AD2d 637 [decided herewith]). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Driving While Intoxicated.) Present—Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.