■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MORELLO, Also Known as CARLOS GOMEZ, Appellant.— Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered April 7, 1989, convicting defendant, after a jury trial, of criminal sale of controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to two concurrent terms of imprisonment of from 2-½ to 7 years, unanimously affirmed.

An undercover officer, who had obtained a search warrant for premises where he had twice before purchased cocaine,

returned to the apartment a final time before executing the warrant to make a "confirmatory" purchase of narcotics. Co-defendant Ocasio answered the door, accepted $20 in pre-recorded bills, and handed the money to defendant, who produced two vials of crack cocaine. The undercover officer radioed a description of defendant to back-up officers, which was similar to a description he had given for "Chico", a person who had sold cocaine to the undercover officer on a prior occasion, after which the back-up team executed the warrant.

Defendant, who was convicted of both criminal sale and criminal possession of a controlled substance, contends that his guilt was not proven beyond a reasonable doubt on either count. Concerning the sale count, he argues that the under-cover officer confused defendant with Chico, as indicated by the similar physical descriptions given for both. To the contrary, it cannot be said that the jury's determination as to defendant's identification was against the weight of the evidence. While the undercover officer did think that Chico and appellant had similar physical characteristics, when queried further, he said that appellant's face was "not even close" to that of Chico. Moreover, there was ample evidence to conclude that the undercover officer had an excellent opportunity to observe appellant during the sale when the two were no more than a few feet apart. Indeed, after the sale, he asked Ocasio where "Chico" was, demonstrating an obvious ability to differentiate between appellant and Chico.

Concerning the possession count, appellant argues that his "mere presence" in the apartment was not enough to sustain a conviction with respect to vials of cocaine, which were found loose on the floor. Given appellant's participation in the sale which preceded the execution of the warrant, as well as the other attendant circumstances, it was proper for the jury to conclude that appellant exercised dominion and control over the vials found in the apartment (*People v Morales,* 162 AD2d 128). Concur—Sullivan, J. P., Wallach, Kupferman, Ross and Asch, JJ.