THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Richard C. Failla, J.), rendered December 20, 1989, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of imprisonment of 4 to 8 years, unanimously affirmed.

According to the People, defendant was chased by complainant and four of his friends into a subway station after defendant and two cohorts stole a sum of money from complainant. Eventually, defendant was cornered by two of complainant's friends in a subway car, and, responding to a demand that he return the money, stated that he had given it to one of his friends who had escaped. Seconds later, when police officers arrived at the scene, complainant and his friends pointed defendant out to the officers.

Defendant did not preserve for review the arguments that

the officers' testimony concerning the five men pointing him out was improper hearsay with respect to the three friends who did not testify in court, and *Trowbridge* error *(People v Trowbridge,* 305 NY 471) with respect to complainant and the friend who identified defendant at the trial (CPL 470.05 [2]; *People v Bolling,* 166 AD2d 203, *lv granted* 77 NY2d 836), and we decline to reach the issues raised. If we were to consider same in the interest of justice, we would find the first meritless because the gesturing was not offered at trial for the truth of the fact asserted, *i.e.,* defendant's identity, and the second insufficient by itself to warrant a new trial, because, assuming there was impermissible bolstering, there is no reasonable danger that the jury may have used the testimony as a substitute for the identification made by complainant and the other eyewitnesses *(People v Jones,* 170 AD2d 360, *lv denied* 77 NY2d 996). Nor did the trial court err in refusing to suppress defendant's statement.

Upon a review of the totality of the circumstances, we find that defendant's will had not been overborne and his capacity for self-determination critically impaired such that the statement he made while cornered was involuntary *(People v Anderson,* 42 NY2d 35). Concur—Sullivan, J. P., Kupferman, Ross, Smith and Rubin, JJ.