OPINION OF THE COURT
Bernard S. Greenbaum, J.
The defendant is charged with two counts of assault in the third degree and criminal possession of a weapon in the fourth degree in violation of Penal Law §§ 120.00 and 265.01, respectively.
At arraignment the People served CPL 710.30 (1) (a) notice of defendant’s statement.
Defendant moved for suppression of his statements and Judge Kron ordered a Huntley hearing on January 27, 1992.
On March 9, the People answered ready for the Huntley *226 hearing in the Calendar Part and the case was sent forthwith to J.P.2, for hearing.
In J.P.2, before this court, the People withdrew CPL 710.30 (1) (a) notice and asserted that the statement in question would not be used in the People’s direct case. However, the People stated they would seek to use defendant’s statement for impeachment purposes should the defendant testify.
Defense attorney asserted that the Huntley hearing should be conducted solely on the issue of voluntariness; not whether there were Miranda violations or right to counsel violations. The People asserted that the defendant had no right to the Huntley hearing due to the fact that statement notice was withdrawn.
The defendant submitted a memorandum of law on the issue on March 31, 1992. The People responded on April 21, 1992.
After reviewing the defendant’s memorandum, the People’s response and the relevant law, this court finds as follows:
The defendant’s motion for a Huntley hearing solely on the issue of voluntariness is granted to determine whether the defendant’s statement may be used for impeachment purposes.
A defendant’s statement, even if suppressed due to Miranda violations or right to counsel violations, may be used to impeach a defendant on cross-examination if the defendant testifies. However, only statements that were made voluntarily as defined by CPL 60.45 may be used for impeachment purposes. (People v Maerling, 64 NY2d 134 [1984].)
Further, pursuant to CPL 710.20 there must be a hearing whenever a defendant claims his statement was involuntary, no matter what facts he alleges. (People v Weaver, 49 NY2d 1012 [1980].)
The People contend that this issue should be left to the trial court when and if the defendant chooses to take the stand. This court disagrees. Defense counsel is correct in asserting that the admissibility of the defendant’s statement for impeachment purposes should be determined before trial in order to allow for proper trial preparation and strategy planning.
Although this court believes that the facts alleged by defendant, even if true, are insufficient to establish the involuntari *227 ness of defendant’s statement pursuant to CPL 60.45 (People v Pereira, 26 NY2d 265 [1970]; People v Tarsia, 67 AD2d 210 [1979], affd 50 NY2d 1), this court is constrained by the Court of Appeals and CPL 710.20 (3) to grant a Huntley hearing in this matter.