■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK LAGANO, Appellant. [595 NYS2d 115] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk

County (Mullen, J.), rendered January 6, 1992, convicting him of murder in the second degree (two counts), conspiracy in the second degree, and kidnapping in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The court properly denied suppression of the defendant's confessions based on his claim that they were the fruit of an unlawful arrest. We find that a reasonable person, innocent of any crime and in the defendant's position would not have believed himself to be in custody during the initial stages of questioning by the police (see, People v Yukl, 25 NY2d 585, cert denied 400 US 851). In addition, there is no merit to the defendant's contention that his confession was elicited in violation of his constitutional rights. The defendant was given his Miranda warnings (see, Miranda v Arizona, 384 US 436) prior to entering the police vehicle and again upon his arrival at headquarters and he knowingly and intelligently waived his constitutional rights. Although the defendant was at the police headquarters for more than two hours before making his first inculpatory statement, the readministration of the Miranda warnings was not required since the questioning was continuous and the confession was made within a reasonable time after the defendant's waiver of his constitutional rights (see, People v Glinsman, 107 AD2d 710).

The sentence imposed was not excessive.

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.