■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO MALDONADO, Appellant. [648 NYS2d 7] —Judgment, Supreme Court, New York County (Joan Carey, J.), rendered October 20, 1992, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of $3^1/2$ to 7 years, unanimously affirmed.

Testimony that a person who did not testify at trial pointed to the location where defendant was sitting shortly after the crime, upon which information the police detained defendant pending a viewing by the complainant, was not hearsay (*People v Williams*, 180 AD2d 423, 424, *lv denied* 79 NY2d 954), did not violate defendant's confrontation rights and did not constitute bolstering (*People v Velez*, 206 AD2d 258, *lv denied* 84 NY2d 940). Defendant's claim that the court should have given a limiting instruction contemporaneous with the admission of such evidence is unpreserved for appellate review (*People v Dixon*, 228 AD2d 175), and we decline to review it in the interest of justice. Were we to review it, we would find that the proper limiting instruction given to the jury during the court's final charge, which instruction was suggested by defense counsel during the charge conference, sufficiently alleviated any possible prejudice to defendant, in that the instruction advised the jury that the testimony was received to explain the actions of the police toward defendant. Concur—Milonas, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.