■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant. [654 NYS2d 345] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered January

19, 1994, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 25 years to life, $7^1/_2$ to 15 years, and $3^1/_2$ to 7 years, respectively, unanimously affirmed.

Defendant did not present to the hearing court his current claim that the showup identification was not warranted by exigent circumstances and thus defendant did not preserve the issue for appellate review (*People v Tutt*, 38 NY2d 1011). In any event, the showup procedure herein, conducted in close spatial and temporal proximity to the shooting and defendant's arrest based upon police observations, was an appropriate means for the police to ascertain whether they had, indeed, arrested the individual responsible for the shooting of an identified victim who had been taken to a nearby hospital by an eyewitness (*see, People v Torres*, 169 AD2d 584, *lv denied* 77 NY2d 911).

Police testimony at trial that bystanders had pointed at defendant was admissible as background information, to complete the narrative and explain the circumstances leading to defendant's arrest (*see, People v Maldonado*, 231 AD2d 473). We also note that defendant declined the opportunity for a limiting instruction in connection with the gesture evidence and utilized such evidence, on cross-examination and in summation, to support his defense. Thus, defendant cannot demonstrate any prejudice.

The trial court properly denied defendant's motion for a mistrial based upon various comments of the prosecutor during summation, which comments constituted appropriate response to the defense summation and fair comment on the evidence. Concur—Milonas, J. P., Ellerin, Nardelli and Tom, JJ.