■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE BLAKE, Appellant. [662 NYS2d 587] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered June 5, 1995, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that his statements to the police were involuntary. It is undisputed that the defendant was advised of his *Miranda* rights, understood them, and voluntarily waived them prior to making the incriminating statements to the police. It is also undisputed that the defendant was not threatened, abused, or otherwise mistreated by the police (*see, People v Thomas,* 223 AD2d 612). Further, since the defendant was over 16 years old at the time of the questioning, the statutory notification requirements were not applicable (*see, People v Crosby,* 105 AD2d 844).

We agree with the defendant's contention that the trial court erred in allowing two law enforcement officials to testify as to the specific description of the defendant and that the defendant matched this description. This testimony was impermissible hearsay (*see, People v Huertas,* 75 NY2d 487). However, in view of the overwhelming evidence of the defendant's guilt,

which included the compelling identification evidence of the complainant and the defendant's admissions, the court's error in admitting the hearsay testimony was harmless (*see, People v Johnson,* 57 NY2d 969). There was "no reasonable danger that the jury may have used the testimony as a substitute for the identification made by [the] complainant" (*People v Williams,* 180 AD2d 423, 424).

The denial of youthful offender status was not an improvident exercise of the sentencing court's discretion (*see, People v Ciminera,* 202 AD2d 684) and the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.