■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BARRIOS, Appellant. [687 NYS2d 155] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered May 25, 1995, convicting defendant, after a jury trial, of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 25 years to life on the murder convictions and a concurrent term of 5 to 15 years on the weapon possession conviction, unanimously affirmed.

The court properly denied defendant's motion to suppress his third post-arrest statement to the police. Defendant's statement that he did not want to "repeat [him]self" did not constitute an unequivocal invocation of his right to remain silent that would require questioning to cease, but rather was an indication that defendant wished to clarify the range of questioning, as evidenced by his express agreement to relate the details of the incident, in his own words, after it was explained that he was not being asked to repeat himself (*see, Davis v United States*, 512 US 452, 459-460; *People v Morton*, 231 AD2d 927, 928, *lv denied* 89 NY2d 944). That defendant understood the *Miranda* warnings administered to him, including his right to remain silent, is evidenced by defendant's ultimate indication that he no longer wished to talk, at which point the interview was concluded.

Defendant did not object to the court's charge regarding the voluntariness of his third statement to the police and thus did not preserve his current claim that the court erroneously paraphrased defendant's statement that he did not want to repeat himself and, in effect, invaded the jury's fact-finding function, and we decline to review this claim in the interest of justice. Were we to review the claim, we would find nothing prejudicial about the instruction.

Since defendant declined the court's offer to further reinstruct the jury regarding the marshaling issue raised by defense counsel in connection with the court's response to a jury note seeking further instruction on the issue of intent, his claim of prejudicial marshaling is unpreserved (*see, People v Williams*, 190 AD2d 590, *lv denied* 81 NY2d 1021), and we

decline to review this claim in the interest of justice. Were we to review the claim, we would find no unfair marshaling.

We perceive no abuse of discretion in sentencing. Concur— Ellerin, P. J., Sullivan, Lerner and Rubin, JJ.