■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVAL JOHNSON, Appellant. [693 NYS2d 7] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J., at suppression and independent source hearings; Micki Scherer, J., at jury trial and sentence), rendered January 14, 1997, convicting defendant of two counts of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7 years, unanimously affirmed.

The hearing court properly found that the victim's identification of defendant had a basis that was independent of a suppressed lineup and thus properly ruled that the victim could make an in-court identification of defendant (in this case, a photo identification because of defendant's absence from the trial). Contrary to defendant's argument, the record before the hearing court does not establish a discrepancy between the victim's description of defendant at the hearing and his actual appearance. Such a discrepancy, involving the condition of defendant's teeth, first came to light during the victim's trial testimony. Since defendant made no application to reopen the independent source hearing based on the trial testimony, his present contention that the discrepancy rendered the finding of independent source erroneous is unpreserved (*see, People v Wongshing,* 245 AD2d 120, *lv denied* 91 NY2d 1014), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the discrepancy was satisfactorily explained and that there was still sufficient evidence of independent source.

The verdict was not against the weight of the evidence. Issues concerning identification, including the discrepancy concerning defendant's teeth and the effect of the victim's confusion of defendant with a codefendant were properly presented to the jury and we see no reason to disturb its findings (*see, People v Morello,* 176 AD2d 588; *People v Lawrence,* 143 AD2d 1045).

Defendant was properly tried in absentia. Following a *Sandoval* hearing, defendant was informed that trial would commence the next morning and received appropriate warnings of the consequences of his absence from trial pursuant to *People v Parker* (57 NY2d 136). When defendant nonetheless failed to appear the next day, the court conducted a *Parker* hearing where defendant's counsel acknowledged that neither he nor defendant's mother, with whom defendant resided, had heard from defendant and no excuse was proffered for his absence. A bench warrant was issued and jury selection was not commenced until the day after defendant failed to appear. Under these circumstances, the court properly exercised its discretion in refusing to adjourn the case any further, because there was no basis to believe that defendant would be present if the trial were rescheduled (*see, People v Jones*, 163 AD2d 203, *lv denied* 76 NY2d 987).

We have considered and rejected defendant's remaining claims. Concur—Sullivan, J. P., Rosenberger, Tom, Saxe and Buckley, JJ.