■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GARCIA, Appellant. [726 NYS2d 27] —Judgment, Supreme Court, New York County (Herbert Altman, J., at suppression hearing; Michael Obus, J., at jury trial and sentence), rendered September 20, 1998, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant concedes that the hearing court's original denial of a Dunaway hearing was correct because his moving papers were devoid of necessary sworn factual allegations. He contends, however, that either the hearing or trial courts (this conviction arises out of a retrial) should have granted a Dunaway hearing because the defect in his moving papers was allegedly cured by testimony at the pretrial Wade/Huntley hearing as well as by trial testimony. Defendant's current claim is unpreserved since he never made this claim before the hearing or trial courts and did not seek to renew his motion, either at the conclusion of the hearing or at trial (see, People v Johnson, 262 AD2d 155, lv denied 94 NY2d 798; People v Freeman, 253 AD2d 692, lv denied 92 NY2d 982; People v Cotto, 216 AD2d

123, *lv denied* 86 NY2d 792), and we decline to review it in the interest of justice. Although, during the *Wade/Huntley* hearing, defendant attempted to inquire into the issue of probable cause, defendant offered no legal basis upon which to excuse the lack of a proper motion, and the hearing court properly exercised its discretion in precluding such inquiry. In any event, neither the hearing nor the trial testimony suggested that the police lacked probable cause to arrest defendant. On the contrary, probable cause was amply demonstrated.

Defendant's motion to suppress identification testimony was properly denied. There is no basis upon which to disturb the court's determinations concerning credibility (*see, People v Prochilo*, 41 NY2d 759, 761). The hearing court's determination that a photographic identification procedure was not unduly suggestive and did not influence a witness's lineup identification of defendant is supported by the record.

Suppression of defendant's written and videotaped confessions was properly denied. There is no basis upon which to disturb the court's credibility determinations, and the totality of the circumstances supports the hearing court's finding that defendant's written and videotaped statements were voluntarily made (*see, Arizona v Fulminante*, 499 US 279; *People v Anderson*, 42 NY2d 35, 38).

The police tactics did not render defendant's confession involuntary. Beyond advising defendant of his constitutional rights, the police were under no obligation to inform him of the specific crime they were investigating (*Colorado v Spring*, 479 US 564; *People v Hall*, 152 AD2d 948, *lv denied* 74 NY2d 847). In any event, the record reveals that defendant was aware that the police were investigating a murder. Furthermore, any potentially deceptive statements made by the police during the interrogation were not so fundamentally unfair as to undermine the voluntariness of the confession (*see, People v Tarsia*, 50 NY2d 1, 11; *People v Nadal*, 273 AD2d 26, *lv denied* 95 NY2d 937).

When the videotaped confession is viewed in its totality, it is clear that defendant never made an unequivocal assertion of his right to cut off questioning and remain silent until the very end, at which time he terminated the interview (*see, People v Barrios*, 259 AD2d 407, *lv denied* 93 NY2d 966; *see also, Davis v United States*, 512 US 452, 459-460). In context, both of the earlier remarks claimed by defendant on appeal to have constituted requests to terminate the interview were equivocal at best. In any event, any error in failing to suppress the admissions that followed these requests was harmless beyond a rea-

sonable doubt (*People v Crimmins*, 36 NY2d 230, 241). Defendant's arguments concerning broader protections under the New York State Constitution than those set forth in *Miranda v Arizona* (384 US 436) and its progeny regarding the nature and scope of information which must be supplied by police officers were not presented to the trial court and are thus unpreserved. Were we to reach these arguments, we would find them without support.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility.

Testimony challenged by defendant as hearsay was properly admitted, not for its truth, but to explain the actions of the police officers (*see, People v Smith*, 248 AD2d 148; *People v Maldonado*, 231 AD2d 473, *lv denied* 89 NY2d 925). To the extent that defendant is raising a Confrontation Clause claim, such claim is unpreserved (*see, People v Kello*, 96 NY2d 740), and we decline to review it in the interest of justice.

The record establishes that defendant received meaningful representation (*People v Benevento*, 91 NY2d 708). Defendant was not deprived of a fair trial by his pretrial and trial attorneys' failure to raise various legal issues cited by defendant on appeal. There is no indication that raising any of these issues would have affected the outcome of the trial.

Defendant's sentence was not based on any improper criteria. We perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Marlow, JJ.