■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARQUIS PHILLIPS, Appellant. [783 NYS2d 373]—Judgment, Supreme Court, New York County (Micki A. Scherer, J., on motion; Bonnie Wittner, J., at jury trial and sentence), rendered January 11, 2002, convicting defendant of two counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

Upon defendant's appeal from his conviction, this Court remanded the matter to the Supreme Court for a *Wade* hearing and held the appeal in abeyance pending a disposition of defendant's suppression motion (4 AD3d 233 [2004]). Following

the hearing held on April 2, 2004 (Scherer, J.), the court, by order dated April 14, 2004, denied defendant's motion to suppress the identification, a determination defendant does not challenge.

After remand, the only remaining appellate issue is whether the jury's verdict was against the weight of the evidence. Resolution of issues of credibility is primarily and appropriately determined by the jurors, who saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Their determination should be accorded great weight on appeal and should be left undisturbed unless the record clearly does not support it (*see People v Faines*, 297 AD2d 590 [2002], *lv denied* 99 NY2d 558 [2002]; *People v Garafolo*, 44 AD2d 86 [1974]). Upon review of the record, we find that the credibility issues, as well as the issue of identification, were properly presented to the jury, and there is no basis to disturb the resolution thereof (*see People v Johnson*, 262 AD2d 155 [1999], *lv denied* 94 NY2d 798 [1999]). Concur—Tom, J.P., Lerner, Friedman and Marlow, JJ.