■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOWAN MYERS, Appellant. [793 NYS2d 537]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullin, J.), rendered August 6, 2001, convicting him of kidnapping in the first degree and kidnapping in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his motion which was to suppress his statements to the police. The factual findings and credibility determinations of the County Court following a suppression hearing are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo,* 41 NY2d 759, 761 [1977]; *People v Leggio,* 305 AD2d 518, 519 [2003]). The County Court properly determined that the defendant's statements were voluntarily made after he knowingly and intelligently waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Leggio, supra*). The questioning used to elicit the statements from the defendant was not so fundamentally unfair as to deny him due process (*see People v Tarsia,* 50 NY2d 1, 11 [1980]; *People v Wright,* 249 AD2d 570 [1998]; *People v Darvie,* 224 AD2d 442 [1996]; *People v Ingram,* 208 AD2d 561 [1994]). Before questioning, the police were under no obligation to inform the defendant of the specific crime they were investigating (*see Colorado v Spring,* 479 US 564, 577 [1987]; *People v Garcia,* 284 AD2d 106, 107 [2001]; *People v Hall,* 152 AD2d 948 [1989]; *People v Seaman,* 130 AD2d 875 [1987]), and the readministration of *Miranda* warnings was not required where, as here, statements were made within a reasonable time after the defendant's waiver (*see People v Lagano,* 191 AD2d 646, 647 [1993]). The police were under no obligation to tell the 20-year-old defendant's parents of his whereabouts while he was being questioned (*see People v Crimmins,* 64 NY2d 1072, 1073 [1985]; *People v Sticht,* 226 AD2d 838 [1996]), and there is no evidence that the defendant's arraignment was deliberately delayed so that his statements could be obtained (*see People v Ramos,* 99 NY2d 27, 34 [2002]; *People v White,* 259 AD2d 508 [1999]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The County Court properly refused to charge the jury on unlawful imprisonment in the first degree as a lesser-included offense of the kidnapping charges. Unlawful imprisonment in the first degree is not a lesser-included offense of kidnapping in first degree or kidnapping in the second degree (see People v Ahedo, 229 AD2d 588 [1996]; People v Fonseca, 229 AD2d 591 [1996]; cf. People v Linderberry, 222 AD2d 731, 733-734 [1995]; People v Tillman, 69 AD2d 975, 976 [1979]).

The defendant's remaining contention is unpreserved for appellate review, and in any event, is without merit. H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.