■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE R. EALY, SR., Appellant. [799 NYS2d 346]—

Appeal from a judgment of the Niagara County Court (Sara S.

Sperrazza, J.), rendered May 9, 2003. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (three counts), public lewdness (two counts), and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of sexual abuse in the first degree (Penal Law § 130.65 [3]), two counts of public lewdness (§ 245.00 [b]), and one count of endangering the welfare of a child (§ 260.10 [1]). Contrary to the contention of defendant, County Court did not abuse its discretion in refusing to redact that portion of his statement wherein he stated that the victim was "very honest" (*see generally People v Davis*, 43 NY2d 17, 27 [1977], *cert denied* 435 US 998 [1978], *rearg dismissed* 61 NY2d 670 [1983]). Defendant further contends that the court should have suppressed the statement that he made to the police because he had not received his *Miranda* warnings before making that statement. According to defendant, he was in custody when he made the statement because the police officer to whom he made the statement had previously decided to arrest him. Contrary to defendant's contention, "[t]he subjective belief of a police officer is not controlling in determining when an arrest occurs" (*People v Fenti*, 175 AD2d 598, 600 [1991]). We conclude that a reasonable person, innocent of any crime, would not have believed that he or she was in custody when defendant made the statement, and thus *Miranda* warnings were not required (*see generally People v Yukl*, 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400 US 851 [1970]; *People v Scott*, 288 AD2d 846, 847 [2001], *lv denied* 97 NY2d 761 [2002]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Kehoe, Smith, Lawton and Hayes, JJ.