(September 28, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICKEY CASS, Appellant. [843 NYS2d 893]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered March 24, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, unauthorized use of a vehicle in the first degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), unauthorized use of a vehicle in the first

degree (§ 165.08) and petit larceny (§ 155.25). Contrary to the contention of defendant, Supreme Court did not err in refusing to suppress his statements to the police. The conflicting testimony of defendant and the police detectives presented credibility issues that the court was entitled to resolve in favor of the People (*see People v Twillie*, 28 AD3d 1236 [2006], *lv denied* 7 NY3d 795 [2006]; *People v Jones*, 9 AD3d 837, 838-839 [2004], *lv denied* 3 NY3d 708, 4 NY3d 745 [2004]; *see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). We conclude that the police properly advised defendant of his *Miranda* rights before questioning him concerning a murder in Brooklyn, that defendant voluntarily and intelligently waived those rights, and that, because defendant was in the continuous custody of the police, it was not necessary for the police to advise defendant again of his *Miranda* rights before questioning him concerning a second murder that occurred in Buffalo (*see People v Kemp*, 266 AD2d 887 [1999], *lv denied* 94 NY2d 921 [2000]). Defendant contends that his *Miranda* rights should have been repeated before the questioning concerning the Buffalo murder because he was initially taken into custody for questioning only on the Brooklyn murder. We reject that contention. "There is . . . no requirement that a suspect be made aware in advance of all possible subjects of questioning" before receiving and waiving *Miranda* rights (*People v Seaman*, 130 AD2d 875, 877 [1987], *lv denied* 70 NY2d 717 [1987]; *see People v Hall*, 152 AD2d 948, 949 [1989], *lv denied* 74 NY2d 847 [1989]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.