# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**829**

**KA 13-00057**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

NATHANIEL WRIGHT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered September 25, 2012. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]). As the People correctly concede, defendant's "purported waiver of the right to appeal is not valid inasmuch as [Supreme] Court failed to obtain a knowing and voluntary waiver of that right at the time of the plea, and instead obtained the purported waiver at sentencing" (*People v Pieper*, 104 AD3d 1225, 1225). We nonetheless reject defendant's contention that the court erred in refusing to suppress his statements to the police. "[T]he record of the suppression hearing supports the court's determination that the statements were not coerced, i.e., defendant received no promises in exchange for making the statements nor was he threatened in any way, and the court's determination is entitled to great deference" (*People v Peay*, 77 AD3d 1309, 1310, *lv denied* 15 NY3d 955; *see People v Brown*, 111 AD3d 1385, 1386, *lv denied* 22 NY3d 1155; *see generally People v Prochilo*, 41 NY2d 759, 761). The conflicting testimony of defendant and the investigator who testified at the hearing "merely raised an issue of credibility that the court was entitled to resolve in favor of the People" (*People v Coleman*, 306 AD2d 941, 941, *lv denied* 1 NY3d 596; *see People v Cass*, 43 AD3d 1272, 1273, *lv denied* 9 NY3d 1032).

Entered: June 19, 2015                                    Frances E. Cafarell
                                                         Clerk of the Court