# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**317**
**KA 11-01819**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

MARIE R. SIMMONS, ALSO KNOWN AS MARIE LUNDY,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered July 1, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that Supreme Court (Egan, J.) erred in refusing to suppress statements she made to law enforcement personnel. We reject that contention. Law enforcement officers responded to a call of a stabbing and were informed that an unknown white male had stabbed defendant's husband. Investigators with the City of Rochester Police Department questioned defendant at the scene, and she reiterated her statements that an unknown assailant stabbed her husband. Defendant was then transported by police vehicle to the hospital where her husband was undergoing surgery. While at the hospital, two investigators interviewed defendant in a family waiting room. After noting inconsistencies and discrepancies in defendant's statements, investigators asked defendant if she had been the person to stab the victim. At that point, defendant admitted stabbing the victim during an argument.

For the next 17 minutes, one investigator continued questioning defendant while another made phone calls to a detective and an assistant district attorney. The latter investigator then returned to the family waiting room and informed defendant of her *Miranda* rights. Defendant indicated that she understood her rights and was willing to waive them and discuss the matter with the investigators. Following that waiver, defendant provided the officers with a written statement.

Contrary to defendant's contention, she was not in custody at any time before *Miranda* warnings were issued. A reasonable person, innocent of any crime, would not have thought he or she was in custody either at the scene or while conversing with the investigators in the family waiting room at the hospital (*see People v Figueroa-Norse*, 120 AD3d 913, 913-914, *lv denied* 25 NY3d 1071; *People v Lopez*, 39 AD3d 1231, 1232, *lv denied* 9 NY3d 847; *see generally People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). Although the investigators may have determined to arrest defendant after her initial admission and before the *Miranda* warnings were administered, their subjective views of defendant's custodial status, which were not conveyed to defendant, "ha[ve] no bearing on the question whether [defendant] was in custody at a particular time" (*People v Andrango*, 106 AD3d 461, 461, *lv denied* 21 NY3d 1040 [internal quotation marks omitted]; *see Berkemer v McCarty*, 468 US 420, 442; *see also People v Ealy*, 20 AD3d 933, 934, *lv denied* 5 NY3d 805). Contrary to defendant's further contention, "[t]he record of the suppression hearing supports the court's determination that defendant knowingly, voluntarily and intelligently waived [her] *Miranda* rights before making the [written] statement" (*People v Irvin*, 111 AD3d 1294, 1295, *lv denied* 24 NY3d 1044, *reconsideration denied* 26 NY3d 930; *see People v Pratchett*, 90 AD3d 1678, 1679, *lv denied* 18 NY3d 997).

Finally, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), including the charge on the defense of justification, we conclude that "the jury 'did not fail to give the evidence the weight it should be accorded in rejecting defendant's justification defense' and thus that the verdict is not against the weight of the evidence in that respect" (*People v Barill*, 120 AD3d 951, 951-952, *lv denied* 24 NY3d 1042, *reconsideration denied* 25 NY3d 949; *see People v Reed*, 78 AD3d 1481, 1482, *lv denied* 16 NY3d 745; *see generally People v Bleakley*, 69 NY2d 490, 495).

Entered: March 24, 2017                    Frances E. Cafarell
                                           Clerk of the Court