People v Hart (2024 NY Slip Op 01411)

People v Hart

2024 NY Slip Op 01411

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

117 KA 17-00196

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JESMOND J. HART, ALSO KNOWN AS JAZZ, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered January 13, 2017. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law
§ 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), arising from defendant's fatal shooting of the victim outside of a restaurant. We affirm.
Defendant's contention that the grand jury proceeding was defective pursuant to CPL 210.35 (5) lacks merit because defendant failed to meet his burden of establishing " 'the existence of defects impairing the integrity of the . . . proceeding and giving rise to a possibility of prejudice' " (People v Davis, 68 AD3d 1653, 1655 [4th Dept 2009], lv denied 14 NY3d 839 [2010]; see People v Black, 220 AD2d 604, 605 [2d Dept 1995], lv denied 87 NY2d 898 [1995]; cf. People v Falcon, 204 AD2d 181, 181-182 [1st Dept 1994], lv denied 84 NY2d 825 [1994]).
Defendant further contends that Supreme Court erred in determining that he voluntarily waived his Miranda rights prior to making certain statements to the police and thus erred in refusing to suppress those statements. We reject that contention.
"[A]bsent a 'full and effective warning of [Miranda] rights' and a knowing, intelligent and voluntary waiver, statements made by a suspect during custodial interrogation must be suppressed" (People v Dunbar, 24 NY3d 304, 314 [2014], cert denied 575 US 1005 [2015], quoting Miranda v Arizona, 384 US 436, 445 [1966]). "[A]n explicit verbal waiver is not required; an implicit waiver may suffice and may be inferred from the circumstances" (People v Smith, 217 AD2d 221, 234 [4th Dept 1995], lv denied 87 NY2d 977 [1996]; see People v Davis, 55 NY2d 731, 733 [1981]; People v Rodriguez-Rivera, 203 AD3d 1624, 1626 [4th Dept 2022], lv denied 39 NY3d 942 [2022]).
Here, the evidence presented at the suppression hearing, which included the testimony of one of the investigators who interrogated defendant and a video recording of that interrogation, established that the investigators informed defendant that he was under arrest in connection with the investigation of a murder that had occurred a few weeks earlier at a particular location and advised him of his Miranda rights, which defendant stated he understood, and that defendant subsequently agreed to speak with the investigators after they indicated, in response to defendant's inquiries, that they could not discuss additional details until defendant agreed to talk with them. We conclude that the court properly determined that the People established an implicit waiver inasmuch as the record demonstrates that defendant understood his Miranda [*2]rights and, "promptly after having been administered those rights[,] willingly proceed[ed] to . . . answer questions during interrogation" (People v Sirno, 76 NY2d 967, 968 [1990]; see Rodriguez-Rivera, 203 AD3d at 1626-1627; People v Goncalves, 288 AD2d 883, 884 [4th Dept 2001], lv denied 97 NY2d 729 [2002]). Defendant further asserts, however, that the investigators engaged in police deception by representing that they could not reveal more information regarding the extent of the investigation and defendant's suspected involvement in the murder until defendant agreed to speak with them, which rendered his waiver involuntary. We conclude that defendant's assertion lacks merit inasmuch as " '[t]here is . . . no requirement that a suspect be made aware in advance of all possible subjects of questioning' before receiving and waiving Miranda rights" (People v Cass, 43 AD3d 1272, 1273 [4th Dept 2007], lv denied 9 NY3d 1032 [2008]; see People v Hall, 152 AD2d 948, 949 [4th Dept 1989], lv denied 74 NY2d 847 [1989]; People v Seaman, 130 AD2d 875, 877 [3d Dept 1987], lv denied 70 NY2d 717 [1987]).
Next, contrary to defendant's contention, we conclude that "[t]he admission of incriminating, nonprivileged phone calls that defendant chose to make while [in pretrial detention], after receiving multiple forms of notice that his calls may be monitored and recorded, did not violate . . . his due process right to participate in the preparation of his own defense" (People v Cisse, 149 AD3d 435, 436 [1st Dept 2017], affd on other grounds 32 NY3d 1198 [2019], cert denied — US &mdash, 140 S Ct 83 [2019]; see People v Quinn, 210 AD3d 1284, 1285-1287 [3d Dept 2022], lv denied 39 NY3d 1079 [2023]; People v Utley, 170 AD3d 757, 758 [2d Dept 2019], lv denied 33 NY3d 1074 [2019]).
Relatedly, defendant contends that the court erred in admitting in evidence certain statements that he made during the recorded phone calls because those statements were irrelevant or, in the alternative, the probative value thereof was substantially outweighed by the danger of unfair prejudice. Initially, we conclude that the challenged statements, which related to defendant's prosecution for the murder in this case, do not constitute Molineux evidence, and we note that the fact " '[t]hat the People classified it as Molineux evidence, and the trial court considered it on that basis, does not prevent us from concluding it was not,' because the parties' arguments . . . regarding the probative value of the [evidence] and its prejudicial effect 'would remain the same' " (People v Frumusa, 29 NY3d 364, 370 [2017], rearg denied 29 NY3d 1110 [2017]).
Here, defendant failed to preserve for our review his challenge to the admissibility of his statements that he could enlist the services of a lawyer to "find little loopholes" and that he might have to "cop out" given the proof against him inasmuch as he did not object to the admission of those statements on the specific grounds he now raises on appeal (see CPL 470.05 [2]; People v Reibel, 181 AD3d 1268, 1271 [4th Dept 2020], lv denied 35 NY3d 1029 [2020], reconsideration denied 35 NY3d 1096 [2020]). We decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; cf. People v Roberts, 203 AD3d 1465, 1468 [3d Dept 2022]). Defendant also failed to preserve for our review his assertion that he was deprived of a fair trial by the admission in evidence of his references in the recorded phone calls to needing a "good lawyer." The record establishes that the court gave a prompt curative instruction to the jury at trial when the recording was played, which it reiterated during its final charge to the jury. Following those instructions, defense counsel "neither objected further nor requested a mistrial, and thus, [u]nder these circumstances, the curative instructions must be deemed to have corrected the error to the . . . satisfaction" of defendant (People v Elian, 129 AD3d 1635, 1636 [4th Dept 2015], lv denied 26 NY3d 1087 [2015] [internal quotation marks omitted]; see People v Heide, 84 NY2d 943, 944 [1994]; People v Lane, 106 AD3d 1478, 1480-1481 [4th Dept 2013], lv denied 21 NY3d 1043 [2013]; People v Mendez, 104 AD3d 1145, 1145 [4th Dept 2013], lv denied 21 NY3d 945 [2013]). We decline to exercise our power to review defendant's assertion as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Elian, 129 AD3d at 1636; Lane, 106 AD3d at 1481). Contrary to defendant's further assertion, the remaining challenged statements on the recorded phone calls were admissible inasmuch as those statements were "relevant to his consciousness of guilt" (People v McIntosh, 158 AD3d 1289, 1291 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; see People v Jefferson, 125 AD3d 1463, 1463 [4th Dept 2015], lv denied 25 NY3d 990 [2015]), and their probative value was not "substantially outweighed by the danger that [the evidence would] unfairly prejudice the other side or mislead the jury" (People v Scarola, 71 NY2d 769, 777 [1988]; see People v Brown, 204 AD3d 1390, 1391 [4th Dept 2022], lv denied 39 NY3d 985 [2022]; McIntosh, 158 AD3d at 1291).
Defendant contends that the verdict with respect to murder in the second degree is against the weight of the evidence because the People failed to prove beyond a reasonable doubt that his use of deadly physical force was not justified. We reject that contention. Viewing the evidence in light of the elements of that crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), including the charge on the defense of justification, we conclude that "the jury 'did not fail to give the evidence the weight it should be accorded in rejecting defendant's justification defense' and thus that the verdict is not against the weight of the evidence in that respect" (People v Barill, 120 AD3d 951, 951-952 [4th Dept 2014], lv denied 24 NY3d 1042 [2014], reconsideration denied 25 NY3d 949 [2015], cert denied 577 US 865 [2015]; see People v Simmons, 148 AD3d 1660, 1662 [4th Dept 2017], lv denied 29 NY3d 1094 [2017]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court